UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LETITIA MINCHEW, § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | Civil Action No. 3:23-CV-1935-X |
| § | |
| RYDER TRUCK RENTAL INC, et al., § | |
| § | |
| *Defendants.* § | |
| § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is plaintiff Letitia Minchew's motion to remand to the 14th Judicial District Court, Dallas County, Texas. (Doc. 9). Having considered the motion, the Court **GRANTS** it. (Doc. 9). Accordingly, the Court **REMANDS** this action to the 14th Judicial District Court, Dallas County, Texas.

### I. Background

Minchew filed suit against Defendants Ryder Transportation Solutions, LLC, Ryder Truck Rental, Inc., and Darrell Hoover in state court.[1] Minchew served Hoover on August 5, 2023, and she served Ryder Transportation Solutions, LLC and Ryder Truck Rental, Inc. on August 7, 2023.[2] Hoover and Ryder Truck Rental, Inc. then filed a notice of removal in this Court.[3] On September 25, 2023, Ryder Transportation

---

[1] *See* Doc. 1-1 at 9–17.

[2] *See id.* at 19–26.

[3] Doc. 1.

1

Solutions, LLC and Ryder Truck Rental, Inc. filed a notice of consent to removal.[4] Minchew then filed the motion to remand because all defendants did not timely join or consent to the removal of this action as required by 28 U.S.C. § 1446.[5] The defendants did not file a response to the motion.

## II. Legal Standard

The starting point for analyzing whether a federal court has jurisdiction over a case removed from state court "must be the statutes authorizing removal to federal court of cases filed in state court."[6] "The federal removal statute, 28 U.S.C. § 1441(a), allows for the removal of any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[7] State courts presumptively have jurisdiction over cases filed in state court unless the diverse defendant demonstrates that all of the prerequisites for removing a case to federal court are satisfied.[8] Importantly, "[t]he rule of unanimity requires that all defendants to an action either sign the original petition for removal or timely file written consent to the removal . . . within thirty days of service of the state-court petition."[9]

## III. Analysis

There are many issues with the defendants' attempt to remove this action to

---

[4] Doc. 6.

[5] Doc. 9.

[6] *See Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004).

[7] *Id.* (cleaned up).

[8] *See id.* ("To remove a case based on diversity, the diverse defendant must demonstrate that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied.").

[9] *Powers v. U.S.*, 783 F.3d 570, 576 (5th Cir. 2015) (citing 28 U.S.C. § 1446(b)(2)(B)).

federal court. First, the notice of removal explains that "Ryder Truck Rentals, Inc. and Darrell T. Hoover (Defendants) submit[ted] the . . . notice of removal," but left out Defendant Ryder Transportation Solutions, LLC.[10] Defendants Ryder Truck Rentals, Inc. and Ryder Transportation Solutions, LLC then filed a notice of consent to removal explaining that Hoover removed this action, but they consented to it at the time he removed it.[11] Critically, that notice of consent was filed more than 30 days after Minchew served them.[12] It was untimely.[13] And the defendants did not respond to the motion to remand, even though it is their burden to demonstrate to the Court that they had satisfied all the prerequisites for removing a case based on federal diversity jurisdiction. Therefore, this case should be remanded back to the state court.

---

[10] Doc. 1.

[11] Doc. 6.

[12] See Doc. 1-1 at 19–26; *see also* Doc. 6.

[13] What's more, the Court cannot determine whether the parties are completely diverse, because the defendants failed to specifically allege the citizenship of each member of a limited liability company—Ryder Transportation Solutions, LLC. *See* Doc. 1. For diversity purposes, the citizenship of an LLC is determined by the citizenship of all of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079–80 (5th Cir. 2008).

## IV. Conclusion

For the reasons explained above, the Court **GRANTS** Minchew's motion to remand and **REMANDS** this action to the 14th Judicial District Court, Dallas County, Texas.

**IT IS SO ORDERED** this 4th day of December, 2023.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE